

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00031-CR

_____

CHARLES FRANCIS WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 30,068

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Charles Francis Williams was convicted by a jury of the unauthorized use of a vehicle. Williams pled "true" to three of the State's enhancement allegations and was sentenced to ten years' imprisonment. In his sole point of error on appeal, Williams argues that the evidence is not legally sufficient to support his conviction.[1] Because we find that Williams' conviction is supported by legally sufficient evidence, we affirm the trial court's judgment.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

---

[1]In a companion case, our cause number 06-15-00030-CR, Williams appeals his conviction of theft of copper wire having a value of less than $20,000.00. We decide that appeal today in a separate opinion.

The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. at 240. Here, the State alleged and was required to prove that (1) Williams, individually or acting together with Francis Andrew Stankiewicz, (2) "knowingly and intentionally" (3) operated a motor vehicle (4) without the effective consent of owner Jerry Ervin, an employee of Sharyland Utilities. *See* TEX. PENAL CODE ANN. § 31.07 (West 2011).

In our opinion in companion cause number 06-15-00030-CR, we set forth the facts involving a theft at Sharyland, a power company located in Hunt County, Texas. As discussed in the companion case, the evidence was legally sufficient to establish that Williams and Stankiewicz were captured on surveillance footage stealing items from Sharyland. Williams fled the scene of the crime using a vehicle belonging to one of Stankiewicz's relatives, but Stankiewicz drove away in one of Sharyland's meter trucks. Thus, Williams argues that the evidence is legally insufficient to establish that he operated the motor vehicle.

However, Williams was charged individually and as a party to the offense. "A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE ANN. § 7.01(a) (West 2011). A "person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX.

3

PENAL CODE ANN. § 7.02(a)(2) (West 2011). "Each party to an offense may be charged with commission of the offense." TEX. PENAL CODE ANN. § 7.01(b) (West 2011).

The surveillance footage demonstrates that Williams and Stankiewicz worked together during the theft and that after security alarms prompted them to flee, Williams approached the meter truck and stood by the driver's side door as Stankiewicz got into the driver's seat. Williams closed the door of the Sharyland truck just before Stankiewicz drove away. Afterwards, Williams met Stankiewicz at Katie Brown's home, where the stolen truck was found hidden under a shed on Brown's property. Accordingly, we find that the evidence was legally sufficient for a jury to conclude that Williams encouraged or aided Stankiewicz to commit the unauthorized use of a vehicle with intent to promote the crime.

Consequently, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     November 10, 2015
Date Decided:       December 1, 2015

Do Not Publish